IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WRIGHT (#2019-0116079), | ) | |
| PLAINTIFF, | ) | CASE NO. 19 CV 6435 |
| | ) | |
| v. | ) | |
| | ) | JUDGE MATTHEW F. KENNELLY |
| COOK COUNTY DEP'T OF CORR. NURSING | ) | |
| STAFF AND DOCTORS, ET AL., | ) | |
| DEFENDANTS. | ) | |

## ORDER

The Court grants Plaintiff's application to proceed *in forma pauperis* [R. 3] and authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $30.34 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. **Plaintiff's trust fund officer must collect 80% of all income into his trust account until accrued filing fees are paid.** The Court directs the Clerk to send a copy of this order to the trust account office at Plaintiff's place of confinement. However, summonses shall not issue at this time. The Court dismisses Plaintiff's complaint for failure to state a claim. The Court grants Plaintiff the opportunity to submit an amended complaint if he believes he can state facts to support an inference that jail health care providers unreasonably responded to an objectively serious medical need. Failure to submit an amended complaint that states a viable claim by December 16, 2019, will result in dismissal of this lawsuit. The Court directs the Clerk to mail Plaintiff an amended civil rights complaint form, instructions, and a USM-285 (Marshals service) form. Plaintiff's motion for attorney representation [R. 4] is denied without prejudice.

## STATEMENT

Plaintiff Bruce Wright, an inmate at the Cook County Department of Corrections, has filed a *pro se* lawsuit under 42 U.S.C. § 1983. The Court finds that Plaintiff is unable to prepay the filing fee and therefore grants his motion to proceed *in forma pauperis*. Under 28 U.S.C. §§ 1915(b)(1) and (2), the Court authorizes and orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $30.34 to the Clerk of Court for payment of the initial partial filing fee. Payments must be collected until the $350 filing fee is paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff now owes the statutory filing fees for the current case, plus *Wright v. Chicago Police Dep't*, No. 93 C 7108 (N.D. Ill.), *Wright v. County of Cook*, No. 08 C 5161 (N.D. Ill.), and *Wright v. Chicago Police Dep't*, No. 19 C 5273 (N.D. Ill.). "A prisoner who files one suit remits 20 percent of income to his prison trust account; a suit and an appeal then must commit 40

percent, and so on. Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997) (overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)); *see also Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016). Therefore, the Court directs Plaintiff's trust fund officer to turn over 80 percent of any and all deposits into Plaintiff's account to the Clerk toward payment of accrued filing fees. The Court directs Plaintiff's trust fund officer ensure that a copy of this order is mailed to each facility where Plaintiff is housed until all filing fees have been paid in full.

The Court has reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) to determine if it is frivolous or fails to state a claim upon which relief may be granted. In doing so, the Court reads the complaint liberally and takes Plaintiff's factual allegations as true. Plaintiff alleges that on an unspecified date, he underwent surgery on his left hand to repair nerve damage. On August 9, 2019, Plaintiff began experiencing pain at the site of the surgery and saw pus oozing from under his stitches. On August 16, 2019, correctional officials transported Plaintiff to Stroger Hospital to have his stitches removed. The doctor left the stitches in around the area where the surgical wound was infected. Because Plaintiff continued to suffer a great deal of pain, he submitted a grievance. In response, a jail nurse applied antibiotic ointment to the infected area, and a doctor examined and cleaned Plaintiff's hand and prescribed antibiotics.

Correctional officials and health care employees must provide inmates with medical care that is adequate in light of the severity of the condition and professional norms. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Claims brought by pretrial detainees under the Fourteenth Amendment are subject to an "objective unreasonableness" inquiry. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To establish that medical care violates the Fourteenth Amendment, a detainee must show that (1) he suffered from an objectively serious medical condition, *see Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 (7th Cir. 2016); *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); and (2) jail personnel "purposefully, knowingly, or perhaps even recklessly" disregarded a serious risk to his health or safety when treating the condition. *Miranda*, 900 F.3d at 352-53.

The Court will assume that Plaintiff's infected surgical wound is or was objectively "serious" for purposes of Fourteenth Amendment analysis. *See, e.g., Dahlk v. Woomer*, 592 F. App'x 523, 525 (7th Cir. 2015) (leg wound possibly infected with E-coli was assumed to be serious); *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (plaintiff had alleged a serious medical condition where he complained that he was in pain from a wound he believed was becoming infected); *McSwain v. Schrubbe*, 382 F. App'x 500, 503 (7th Cir. 2010) (infected and poorly healing skin graft that caused severe pain presumed to be serious).

However, Plaintiff has not alleged facts plausibly indicating objectively unreasonable conduct on the part of jail staff. To satisfy the subjective element of the test, the inmate must allege facts that support an inference that defendants possessed a purposeful, knowing, or reckless state of mind. *Smith*, 803 F.3d at 309 n.2; *accord Miranda*, 900 F.3d at 353 ("a detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard"). "'Blatantly inappropriate' medical treatment" or persisting with a course of treatment health care providers know to be ineffective may be actionable. *Perez v. Fenoglio*, 792 F.3d 768,

2

777 (7th Cir. 2015); *see also Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (delays in treatment, refusal to send a prisoner to a specialist, and "choos[ing] an easier and less efficacious treatment without exercising professional judgment" can demonstrate deliberate indifference). But Plaintiff does not allege that any actions or omissions on the part of Defendants caused the infection. Nor has he indicated that Defendants failed to treat the infection. Under the facts, alleged, the Court discerns no basis to hold jail health care providers liable for any wrongdoing.

Furthermore, the complaint does not state a viable claim against Sheriff Thomas Dart. Plaintiff has alleged no facts suggesting Dart's direct, personal involvement or that the violations of his rights occurred at Dart's direction or with his knowledge and consent. *See, e.g., Minix v. Canarecci*, 597 F.3d 824, 833-45 (7th Cir. 2010). Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a civil rights action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). And generally, prison administrators may rely on medical staff to provide proper medical treatment. *See, e.g., Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); s*ee also Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006).

For the foregoing reasons, the Court dismisses Plaintiff's complaint for failure to state a claim. The Court grants Plaintiff the opportunity to submit an amended complaint on the Court's required form if he believes that he can state facts showing that Defendants unreasonably responded to an objectively serious medical need. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. The Court cautions Plaintiff that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Plaintiff should provide any names of health care providers he may have, as the "Nursing Staff and Doctors" cannot be sued or served. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by the deadline, the case will be summarily dismissed, on the understanding that he does not wish to pursue this lawsuit.

Finally, the Court denies Plaintiff's motion for attorney representation at this time. *See Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019) (a motion for representation may be filed "so early in the case that it [i]s impossible to tell whether [the plaintiff] could represent himself adequately"); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (approving, at the screening stage of the proceedings, the denial without prejudice of such a motion). Plaintiff's initial submissions are lucid and easy to understand, and he seems perfectly capable of presenting his claims using the Court's complaint form. If the case proceeds to a point where assistance of counsel is appropriate, the Court will entertain a renewed request.

Date: 11/18/2019

                                                          MATTHEW F. KENNELLY
                                                          United States District Judge